## Frank Gibis, Defendant in Error, v. Wallace C. Abbott et al., Plaintiffs in Error.

### Gen. No. 21,203.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Writ dismissed. Opinion filed February 24, 1916.

### Statement of the Case.

Bill filed by Frank Gibis, complainant, against Wallace C. Abbott and others, defendants, to wind up and dissolve a corporation, The Abbott Press, under section 25, ch. 32, Rev. St. (J. & A. ¶ 2442). From an order directing that assets be turned into custody of the court, defendants sued out writ of error.

A receiver was appointed to take possession of its assets to whom the corporation, its officers, agents, etc., were directed to surrender them. The bill charged among other things that the O'Donnell Bromley Company, a corporation, was in possession of assets belonging to The Abbott Press, and had acquired such possession through fraudulent transfers without consideration, on which issue was taken by answer.

Later the receiver filed a report and petition reiterating the charge and alleging a demand on and failure by said O'Donnell Bromley Company and other defendants to turn over such assets, and asked that they be directed so to do, and in default thereof to show cause why they should not be punished for contempt.

The matter coming on to be heard on said petition and a joint answer thereto, and the sworn pleadings in the case as evidence, the court entered an order finding that The Abbott Press transferred all of its assets save its franchise to said O'Donnell Bromley

Company through another defendant, Jeremiah J. O'Donnell, without any consideration, and also containing the following finding: ''That it is for the best interest of all the parties to this suit that the said assets should be taken into the custody of this court during the pendency of this suit and preserved until the final determination of the issues herein;'' and the order directed that respondents turn over to the receiver such assets so transferred as was in their possession or under their control.

This writ of error is sued out to review such order. A motion to dismiss the same on the ground that the order was not final and a writ will not therefore lie was without full consideration thereof reserved to the hearing.

FRANK & LURIE, for plaintiffs in error.

GALLAGHER & MESSNER, for defendant in error.

U. P. GALLAGHER, for Harry D. Knight, Receiver.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 315*—*when order in receivership proceedings not final order for which writ of error may be granted.* An order entered by chancellor in receivership proceedings, the language of which indicates the placing of property *in custodia legis* until the determination of the issues, including the right thereto, is not a final order for which writ of error may be granted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.